IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE ALLEN SABIN,

    Plaintiff,                    No. CIV S- 05-1142 FCD GGH P

    vs.

GLENN COUNTY JAIL, et al.,

    Defendants.            ORDER

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on October 3, 2005, this court directed defendant to respond to plaintiff's September 22, 2005 letter, wherein plaintiff requested the court's assistance regarding what he perceived to be acts of intimidation on the part of defendant's jail staff in retaliation for having filed this lawsuit, within twenty days. Plaintiff suggested that his placement in Administrative Segregation was a retaliatory action and stated that he had been intimidated and improperly interrogated about this case by an R.N. named Rich Baldwin.

        In a timely response, filed on October 20, 2005, Tim Asbury, the Glenn County Jail Commander, provided information as to plaintiff's placement in the jail and as to plaintiff's interactions with an R. N. named Rich Baldin (not Baldwin), sufficient to discharge the show cause order, adequately addressing and allaying the concerns raised by plaintiff's letter.

Moreover, plaintiff has since filed a notice of change of address to an address in another state and no longer is within the jail's custody. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at Glenn County Jail at any predictable time in the future. To the extent that plaintiff sought court assistance in the prosecution of this action, such a request is denied as moot.

Accordingly, IT IS ORDERED that:

1. Defendant Glenn County Jail has discharged, by the October 20, 2005 filing, the court's October 3, 2005 show cause order; and

2. To the extent that plaintiff sought court assistance or a protective order by his letter of September 22, 2005, the request is denied as moot.

DATED:   3/29/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
sabi1142.dsc